UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>    Defendants. | No. 2:18-cv-3197 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and requests leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

II. Initial Motions

In addition to his request to proceed in forma pauperis, plaintiff filed a motion for reconsideration, asking the court to reconsider its prior order requiring him to pay the court's filing fee in full, accompanied by plaintiff's proposed "fourth amended complaint." (ECF No. 13, 14.) Plaintiff asks the court to screen the proposed amended complaint, which he claims was inadvertently filed in the wrong action.

////

In an abundance of caution, the court grants plaintiff's motion for reconsideration, and vacates the prior order requiring plaintiff to pay the filing fee. Although plaintiff styled his pleading as a "fourth amended complaint," no other amended complaint has been filed in this action. In any event, the court will screen plaintiff's amended pleading. As discussed below, the undersigned finds plaintiff's request for leave to proceed in forma pauperis should be denied because his amended pleading is legally frivolous and fails to state a cognizable claim, and this action should be dismissed without leave to amend.

III. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

IV. Plaintiff's Amended Complaint

The gravamen of plaintiff's amended complaint is that the United States and Jeffrey P. Veltri, Chief, Civil Rights Unit, Federal Bureau of Investigation, refused to act upon or investigate plaintiff's claims that various California State Prison personnel were (a) actively trying to murder plaintiff by potassium poisoning, (b) hiring California State prisoners to assault and batter plaintiff, and (c) intercepting and obstructing plaintiff's mail, all in violation of plaintiff's Eighth and Fourteenth Amendment rights. (ECF No. 14.) Plaintiff includes his declaration which sets forth myriad incidents from June 25, 2014, through April 20, 2019. (ECF No. 14 at 12-56.) In the "imminent threat of serious physical injury" portion, plaintiff alleges that the failure of defendants to investigate plaintiff's evidence deprives plaintiff of the "protection of law," and subjects plaintiff to imminent danger because if plaintiff's "immediate custodians are not stopped, they will eventually succeed in murdering [plaintiff.]" (ECF No. 14 at 59.) Plaintiff states that he notified the instant defendants of the alleged threats of harm by mail between 2015 and January 2018. (ECF No. 14 at 4-11.) Plaintiff seeks declaratory and injunctive relief, and appointment of counsel. (ECF No. 14 at 63.)

V. Claims Under the Civil Rights Act

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

3

. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Therefore, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, plaintiff names as defendants the United States and an agent of the FBI. Neither of these defendants are state actors. Therefore, to the extent plaintiff invokes federal jurisdiction under 42 U.S.C. § 1983, he fails to state a claim for relief. Such conclusion is based on plaintiff's request for relief based on the alleged actions of federal actors. Thus, the only possible action plaintiff could bring is one brought under Bivens, 403 U.S. at 388. "[B]y its very terms, § 1983 precludes liability in federal government actors." Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997).

VI. Plaintiff's Claims Under Bivens

    A. Legal Standards Applicable to a Bivens Action

Plaintiffs who seek to allege claims for redress of the deprivation of their constitutional rights by federal officers may bring an action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), if the claim is alleged against a federal employee

4

in his or her individual capacity.  FDIC v. Meyer, 510 U.S. 471, 485-86 (1994); Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir. 1996).  Bivens actions are identical to civil rights actions under 42 U.S.C. § 1983 except for the replacement of state actor under § 1983 by federal actor under Bivens.  Starr v. Baca, 652 F.3d 1202, 1206 (9th Cir. 2011) ("Although more limited in some respects, a Bivens action is the federal analog to an action against state or local officials under § 1983.") (internal quotation marks omitted); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

"A Bivens remedy is not available, however, where there are special factors counselling hesitation in the absence of affirmative action by Congress." Hernandez v. Mesa, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted).  The Supreme Court "clarified what constitutes a 'special facto[r] counselling hesitation.'" Id., quoting Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017).  Such "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Ziglar, 137 S. Ct. at 1857-58; see also Rodriguez v. Swartz, 899 F.3d 719, 737 (9th Cir. 2018) (explaining that a Bivens cause of action is not available for every constitutional violation, and discussing cases where Bivens was extended, and cases where Bivens was found not to apply).

B.  Discussion

Plaintiff's fourth amended complaint is legally frivolous and should be dismissed. Plaintiff's underlying allegations that prison officials have attempted to murder him or hire prison staff to assault or batter him are not plausible.  See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (judges may dismiss claims based on facts that are clearly baseless, including those "describing fantastic or delusional scenarios"); Warren v. Bush, 2008 WL 3876885, *2 (D. Nev. Aug. 18, 2008) (screening order found prisoner's "allegations are fantastic, delusional, irrational, and frivolous," and recommended dismissal); Brown v. Mueller, 2013 WL 3199075, *3 (E.D. Cal. June 21, 2013) (screening order recommended dismissal of Brown's Bivens claims as frivolous because Brown's "underlying allegations that prison officials have attempted to murder him are too far-fetched to be believed.").

The gravamen of plaintiff's claims is that the FBI has a duty to investigate the requests for investigation plaintiff mailed to the FBI and to defendant Veltri. However, as plaintiff was previously advised, "[t]here is no constitutional right to have F.B.I. officials . . . conduct an investigation of every complaint brought to the attention of that agency." Brown v. Mueller, 2013 WL 3199075, at *3 (E.D. Cal. June 21, 2013). "To the contrary, courts have consistently described the FBI's mandate as a 'discretionary rather than mandatory authority.'" Terrell v. Attorney Gen., 1998 WL 574387, at *3 (N.D. Cal. Aug. 31, 1998) (quoting Agunbiade v. United States, 893 F. Supp. 160, 163 (E.D. N.Y. 1995), aff'd sub nom. Terrell v. Lungren, 188 F.3d 515 (9th Cir. 1999). As the court in Terrell stated, and the court reiterated in 2013 in plaintiff's earlier case, "[t]he FBI's decision not to investigate [the prisoner's] complaint does not amount to a constitutional wrong." Terrell, 1998 WL 574387 at *3; Brown v. Mueller, 2013 WL 3199075 at *4 (same). Plaintiff has no constitutional right to an FBI investigation of plaintiff's claims.

Because the defendants have no duty to investigate plaintiff's allegations, plaintiff cannot state a cognizable claim that his due process rights under the Fourteenth Amendment were violated, or that he suffered cruel and unusual punishment in violation of the Eighth Amendment as a result of defendants' failure to investigate plaintiff's implausible claims.

C. Leave to Amend?

Accordingly, plaintiff's amended pleading must be dismissed. The undersigned has considered whether plaintiff should be granted another opportunity to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, "futile amendments should not be permitted."). Because the identified deficiencies cannot be cured in this context, and plaintiff was provided an opportunity to amend his original complaint, the undersigned finds it would be futile to grant plaintiff leave to amend.

////

////

### D. Plaintiff's Request for Preliminary Injunctive Relief

In his pleading, plaintiff also seeks preliminary injunctive relief requiring the federal defendants to ensure that the accused California prison personnel are not allowed to confiscate plaintiff's evidence or legal documents. (ECF No. 14 at 63.) The Ninth Circuit has unequivocally stated that "relief under Bivens does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action." Solida v. McKelvey, 820 F.3d 1090, 1093 (9th Cir. 2016). In any event, even if such relief were available, because the undersigned recommends this action be dismissed, plaintiff cannot demonstrate success on the merits. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") Therefore, plaintiff's request for preliminary injunctive relief should also be denied.

### IV. Conclusion

IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 13) is granted;

2. The orders requiring plaintiff to pay the filing fee (ECF Nos. 9, 12) are vacated.

Further, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 6, 8) be denied;

2. Plaintiff's request for preliminary injunctive relief (ECF No. 14) be denied;

3. This action be dismissed without leave to amend as frivolous and for failure to state a claim upon which relief may be granted; and

4. This action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 8, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow3197.56