UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES, et al.,<br><br>  Defendants. | No. 2:18-cv-3197 KJM KJN P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 8, 2019, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  After receiving two extensions of time, on February 12, 2020 plaintiff filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

/////

/////

/////

1

On the same day he filed his objections, plaintiff filed a proposed second amended complaint.  Plaintiff previously amended his complaint as of right.  Fed. R. Civ. P. 15.  Plaintiff may amend his complaint only "once as a matter of course."  Fed. R. Civ. P. 15(a)(1).  Plaintiff did not seek leave to amend the complaint.  Fed. R. Civ. P. 15(a)(2).  In any event, plaintiff again names as defendants the United States and FBI agent Veltri; thus, the proposed amendment fails to name individuals responsible for the alleged wrongful conditions of his confinement.  As plaintiff has been informed, "[p]laintiff has no constitutional right to an FBI investigation of plaintiff's claims."  (ECF No. 15 at 6.)[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 8, 2019, are adopted in full;

2. Plaintiff's application to proceed in forma pauperis (ECF Nos. 6, 8) is denied;

3. Plaintiff's request for preliminary injunctive relief (ECF No. 14) is denied;

4. This action is dismissed without leave to amend as frivolous and for failure to state a claim upon which relief may be granted; and

5. This action is terminated.

DATED:  September 13, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] On May 8, 2020, in *Dexter Brown v. Ram*, No. 20-cv-0154 KJN P (E.D. Cal.), an order the clerk of court mailed to plaintiff was returned as undeliverable, marked "deceased."  *Id.*  A court may take judicial notice of court records.  *See, e.g., Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).  Moreover, the inmate locator website for the California Department of Corrections and Rehabilitation ("CDCR") no longer lists plaintiff as housed in CDCR custody.  In light of plaintiff's apparent death, it is impossible for him to prosecute this action.  The undersigned has considered whether to appoint counsel to represent plaintiff's estate, but finds there are no exceptional circumstances for doing so in this case.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).